**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 05-4338**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

BOBBY WILLIAMS, JR.,

Defendant - Appellee.

─────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Malcolm J. Howard, District Judge.  (CR-04-93)

─────────

Submitted:  February 27, 2006        Decided:  April 21, 2006

─────────

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

─────────

Vacated and remanded by unpublished per curiam opinion.

─────────

Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Christine Witcover Dean, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellant.  Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

The United States appeals the sentence imposed on appellee Bobby Williams, Jr., challenging both the district court's refusal to consider the applicability of U.S.S.G. § 2K2.1(b)(5) when calculating the Guidelines range and its decision to vary downward from the Guidelines range so calculated. For the reasons that follow, the sentence is vacated and the case remanded for resentencing consistent with United States v. Booker, 125 S. Ct. 738 (2005).

I.

Williams originally was charged in two counts of a four-count indictment with distributing heroin and possessing heroin with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) (Count 3), and with possessing a firearm in furtherance of that drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count 4). J.A. 16. The jury trial on those charges ended in a mistrial after the jury deadlocked. J.A. 19-20. Williams subsequently waived his right to indictment, J.A. 21, and pled guilty to a one-count criminal information charging him only with aiding and abetting the possession of a firearm by a felon (Williams' original co-defendant), in violation of 18 U.S.C. §§ 2, 922(g)(1), 924, J.A. 22, 41-42.

-2-

At sentencing on the aiding and abetting conviction, the government, relying on the conduct alleged in Count 4 of the original indictment, sought a four point enhancement because Williams had "used or possessed [a] firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(5). The district court refused to consider whether the enhancement was warranted because it believed that <u>Apprendi</u> v. <u>New Jersey</u>, 530 U.S. 466 (2000), and <u>United States</u> v. <u>Booker</u>, 125 S. Ct. 738 (2005), prohibited such judicial factfinding. <u>See</u> J.A. 52-57. After calculating the Guideline ranges without the section 2K2.1(b)(5) enhancement, the district court then additionally varied downward based on the section 3553(a) factors and <u>Booker</u>. J.A. 57, 64-65. The government appeals both the failure to consider the section 2K2.1(b)(5) enhancement and the downward variance.


## II.

The district court erred in concluding that <u>Apprendi</u> and <u>Booker</u> prohibited it from considering whether the section 2k2.1(b)(5) enhancement was warranted. We have held that it is consistent with, and indeed required by, <u>Booker</u> that a sentencing court first calculate the correct Guidelines range by making the appropriate findings of fact. <u>See</u> <u>United States</u> v. <u>Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005). Post-<u>Booker</u>, making factual findings about uncharged conduct for purposes of the Guidelines

-3-

calculation of a separate crime does not violate <u>Apprendi</u> because the judicial factfinding conducted is no longer <u>necessary</u> for the imposition of the sentence: Now that the Guidelines are only advisory, the maximum possible sentence, even without judicial factfinding, is the actual statutory maximum. <u>See</u> <u>id</u>. at 545-46. Because the district court incorrectly applied the Guidelines by declining to consider whether a section 2K2.1(b)(5) enhancement was warranted, the case must be remanded pursuant to 18 U.S.C. § 3742(f)(1). <u>United States</u> v. <u>Green</u>, 436 F.3d 449, 457 (4th Cir. 2006).

Williams does not seriously contend that the district court did not err in refusing to consider the section 2K2.1(b)(5) enhancement; rather, he basically argues that the error was harmless either because the district court would not have found by a preponderance of the evidence that an enhancement based on the uncharged conduct was factually warranted or because it would have imposed the same sentence even if the enhancement were warranted. Williams' argument is meritless. He bases his harmless error claim entirely on two facts: first, that a previous jury had deadlocked on whether he was guilty of the uncharged conduct beyond a reasonable doubt; and second, that the district court appears to have rejected the Government's argument that a downward variance was inappropriate in light of the uncharged conduct, <u>see</u> J.A. 64-65. Obviously, neither of these facts proves that the district

-4-

court would not have found by a preponderance of the evidence that Williams was guilty of the uncharged conduct. And given that the reasonableness of a downward variance depends partly on the extent of the variance from a properly calculated Guidelines range, see United States v. Moreland, 437 F.3d 424, 433-34 (4th Cir. 2006), the district court might well have imposed a higher sentence if it did believe the enhancement was required. Thus, Williams cannot meet his burden to prove harmless error because this court lacks "fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." Kotteakos v. United States, 328 U.S. 750, 765 (1946).

CONCLUSION

The sentence is vacated and the case remanded for resentencing.*

VACATED AND REMANDED

---

*Because the sentence must be vacated, the Government's challenge to the reasonableness of the downward variance is moot. Nor will addressing the issue now necessarily aid the district court at resentencing, because the reasonableness of a downward variance depends partly on the extent of the variance from a properly calculated Guidelines range. See Moreland, 437 F.3d at 433-34.